## In the matter of Sotlar
*[Cite as 2 AOA 38]*

*Case No. 89CA55*
*Greene County, (2nd)*
*March 29, 1990*

*R.C. 3109.05*
*R.C. 3109.05.1*
*R.C. 3109.12*

■

*Gary E. Wright, 26 N. Wright Avenue, Fairborn, Ohio 45324, Attorney for Appellant, Nancy Sotlar.*

*Dea Hall, 66 W. Washington Street, Jamestown, Ohio 45335, Appellee.*

WILSON, J.

The appellant, Nancy Sotlar, is the mother of the appellee, Dea Christine Hall.

The record in this case reflects a custody and bitter visitation dispute over the appellee's illegitimate child, Nicholas Rudi Sotlar, born September 28, 1983.

Mrs. Sotlar has appealed from an order filed July 10, 1989 terminating her visitation with Nicholas Sotlar. There are two assignments of error:

"The trial court erred in terminating appellant's visitation rights without providing notice that such an order was contemplated.

"The trial court acted contrary to law in terminating visitation, after having previously awarded same, without any evidence as to an adverse effect such visitation was having on the child involved."

The appellee and her son lived with her parents after the child's birth until late in 1985 when she married and moved away from the Sotlar residence.

On January 2, 1986, the appellee's parents filed a complaint for emergency and temporary custody of Nicholas. Emergency custody was granted to the grandparents the same date. A partial history of the subsequent litigation follows.

On February 11, 1986, the court continued emergency custody with the grandparents who were ordered to encourage liberal and frequent visitation with the appellee. Weekend visitation for the appellee was ordered the same date.

All visitation was terminated February 21, 1986 pending a hearing scheduled for February 28, 1986. After the hearing the original visitation orders of February 11, 1986 were reinstated. Additional visitation for the appellee was ordered May 14, 1985.

On June 5, 1986, the grandparents filed a motion to terminate visitation. Thereafter the appellee moved for an order finding her parents to be in contempt for violating visitation orders.

Custody of Nicholas was returned to the appellee by an order filed December 15, 1986. Thereafter on February 5, 1987 the appellant moved for specific visitation rights. After a hearing on the appellant's motion the court found that it was in the best interest of the child to have visitation with his grandparents. The court ordered Saturday visitations with the appellant.

A show cause motion alleging a denial of visitation was filed by the grandmother on January 28, 1988. The motion was resolved by an agreed entry ordering visitation every other Saturday from 11 a.m. to 4 p.m. beginning February 20, 1988.

Another visitation contempt motion was filed by the appellant on August 16, 1988. After a hearing the appellee was found not to be in contempt and the prior visitation order was in affect reinstated.

After the appellant's attorney withdrew from the case the appellant mailed a letter to the court which was received by the court on April 24, 1989. In the letter Mrs. Sotlar complained of

being denied visitation on Christmas Eve in 1988 and several days in early 1989 and requested a hearing. The matter was promptly set for a hearing on July 10, 1989, "to discuss visitation issues."

At the time of the hearing held July 10, 1989, the appellant resided in Greene County with her husband, her son Nicholas, and two other younger children born the issue of her marriage.

Under ordinary circumstances grandparents do not have a right to visit grandchildren under existing Ohio law. *In re Schmidt* (1986), 25 Ohio St. 3d 331.

There are presently two statutes that confer visitation rights upon nonparents. R.C. 3109.11 provides for granting visitation to relatives of a deceased parent. R.C. 3109.05 (B) provides that in proceedings for divorce, dissolution, alimony or child support, "reasonable companionship or visitation rights may be granted to any other person having an interest in the welfare of the child."

It is a clear that under existing Ohio law grandparents may be granted visitation rights under the above cited statute if such visitation is in the child's best interest. *In re Whitaker* (1988), 36 Ohio St. 3d 213. This case also makes it clear that in determining best interest the factors set forth in R.C. 3109.04(C) to be applied in the same manner that they are applied in custody cases.

The facts in the case before us simply do not fall within the above referred to statutory exceptions. Under existing law Mrs. Sotlar has no right to visit Nicholas. Her privilege to visit is contingent upon obtaining the consent of the appellee.

The assignments of error are overruled.

The legislature has adopted House Bill 15 which becomes effective in May 1990. The new legislation expands grandparents' visitation rights. The bill includes a new section 3109.12 of the Revised Code. This section provides in part:

"If a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child."

It may be that the appellant will be entitled to have visitation with her grandson after R.C. 3109.12 becomes effective.

However, in the case before us we are required to affirm.

*Judgment affirmed.*

WOLFF, P.J., and BROGAN, J., Concur.